Steven H. Schultz, Esq., SBN 163543
SCHULTZ LAW GROUP, PC
555 University Avenue, Suite 250
Sacramento, CA 95825
Telephone: (916)922-2310
Facsimile: (916)922-1921

Jared A. Washkowitz, Esq. (SBN 226211)
JAW LEGAL
1050 Bishop Street, #450
Honolulu, HI 96813
Tel: (808) 840.7410
Fax: (415) 520-9729

Attorneys for Plaintiffs,
LINDY SHINOTSUKA; JAHRIN WIGGLESWORTH-LINO

**CENTRAL DISTRICT COURT OF CALIFORNIA**
**LOS ANGELES DIVISION**

| | |
|---|---|
| LINDY SHINOTSUKA and JAHRIN WIGGLESWORTH-LINO,<br><br>Plaintiffs,<br><br>vs.<br><br>FEDERAL CORRECTIONAL INSTITUTION TERMINAL ISLAND; FEDERAL BUREAU OF PRISONS; the UNITED STATES OF AMERICA; and DOES 1 through 100 inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES (Wrongful Death;Violation of Civil Rights;Negligence;Medical Malpractice)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs, LINDY SHINOTSUKA (hereinafter "SHINOTSUKA"), and JAHRIN WIGGLESWORTH-LINO (hereinafter "WIGGLESWORTH-LINO"), complain of Defendants, FEDERAL CORRECTIONAL INSTITUTION TERMINAL ISLAND (hereinafter "FCIT"), FEDERAL BUREAU OF PRISONS (hereinafter "FBP"), the UNITED STATES OF AMERICA (hereinafter "USA"), and DOES 1 through 100 inclusive and each of them, and allege as follows:

## DEMAND FOR JURY TRIAL

1. Plaintiffs SHINOTSUKA and WIGGLESWORTH-LINO hereby demand a jury trial for this proceeding.

## JURISDICTION AND VENUE

2. Plaintiffs were and at all times mentioned in this lawsuit residents and citizens of Las Vegas, Nevada (SHINOTSUKA), and the state of Hawaii (WIGGLESWORTH-LINO). Decedent James Lino was an inmate and in custody at Defendant, FEDERAL CORRECTIONAL INSTITUTION TERMINAL ISLAND.

3. Defendants, FEDERAL CORRECTIONAL INSTITUTION TERMINAL ISLAND; FEDERAL BUREAU OF PRISONS; the UNITED STATES OF AMERICA; and DOES 1 through 100, inclusive, are, and at all times mentioned were individuals and/or entities, form unknown, and/or governmental entities, form unknown, organized and existing under the laws of the United States and the State

of California, with their principal place(s) of business in the State of California and/or District of Columbia.

4. The amount in controversy exceeds $75,000, exclusive of costs and interest.

5. Jurisdiction rests with this Court in that the defendants, FEDERAL CORRECTIONAL INSTITUTION TERMINAL ISLAND; FEDERAL BUREAU OF PRISONS; the UNITED STATES OF AMERICA; and DOES 1 through 100, inclusive, are all United States Federal government entities and/or institutions.

6. Venue in this action is properly laid in the Central District of California under 28USC §1391(a) in that it is the jurisdiction and venue where the events of this claim arose and occurred, and where the Defendants are located.

7. This action is being brought per 28USC §1331, 28USC §1343 (a)(3), and 42 USC §1983, and includes all State Law claims plead herein for which jurisdiction and venue attach, specifically but not limited to California Wrongful Death Statute CCP §377.60 and Survivor Statute CCP §377.34.

8. On or about October 12, 2020, a Federal Government Claim was made and served on these Defendants (see Attachment "A"). On or about May 6, 2021, an Amended Government Claim for Damages was made and served on Defendants (see Attachment "A"). The claim was never accepted or denied, and there was no

response provided. This action is based on the provisions of the Federal Tort Claims Act, including but not limited to 28USC §1346; 28USC §2401; and 28 USC §2671-2680.

**PARTIES**

9. Plaintiff SHINOTSUKA is an adult resident of Las Vegas, Nevada. Plaintiff WIGGLESWORTH-LINO is an adult resident of Hawaii. Both bring suit on behalf of their Father, decedent James Lino, who died on May 13, 2020, as a result of the negligent, grossly negligent and/or reckless disregard of the Defendants, all of which caused his death. At all times herein mentioned, Plaintiffs were the only remaining heirs of the decedent and were related to the decedent as follows:

| **NAME** | **RELATIONSHIP** |
|---|---|
| Lindy Shinotsuka | Daughter |
| Jahrin Wigglesworth-Lino | Son |

10. Defendant FCIT is a Federal Prison located and operating in San Pedro, California. Defendant FBP is an entity that operates in the District of Columbia and Defendant USA is the Federal Government also located in the District of Columbia, and throughout the USA.

11. Each of these entities runs and operates through its individual agents and/or employees, whose names are not presently known.

12. Defendants DOES 1-100 (hereinafter "DOE Defendants"), are entities and/or individuals whose names are not presently known, but will become available during the course of discovery herein.

13. The true names and capacities, whether individual, corporate, associate or otherwise, or the Defendants DOE 1 through 100, inclusive, are unknown to plaintiffs, who therefore sue such defendants by such fictitious names, and Plaintiffs will amend this complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants, DOE 1 through DOE 100, inclusive, are responsible under law in some manner, negligently, in warranty, strictly, or otherwise, for the events and happenings herein referred to and proximately thereby caused injuries and damages to plaintiffs as herein alleged.

14. Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, each of the Defendants were the agent, employee, principal or employer of each of the remaining Defendants and were at all times relevant, acting within the course and scope of said relationships and each Defendant has authorized, ratified and approved the acts of each of the remaining Defendants.

///

## FACTS

15. The Defendants herein knew and/or reasonably should have known that Covid-19 was a dangerous and deadly disease, that threatened the life and health of all staff and inmates at FCIT, including the decedent.

16. The Defendants also knew that the decedent had previous respiratory ailments including asthma, which made him more susceptible to the effects of Covid-19, and required a higher level of care or concern given this pre-existing medical problem. The Defendants were also aware that inmates with pre-existing health problems like the decedent were more susceptible to Covid-19.

17. This is a claim for negligence and wrongful death which caused the death of Mr. Lino on May 13, 2020, as a result of being not protected from Covid-19 by these Defendants, as well as their delayed identification and referral for treatment of Mr. Lino once the decedent did have signs and symptoms of Covid-19. The decedent acquired Covid-19 and was allowed to die from it while in the custody and under the supervision of these Defendants, at the Terminal Island Prison. The Defendants herein, through their agents and employees, breached their duty to monitor, care for, supervise, protect, and provide proper medical attention to the decedent. The actions of the Defendants established an indifference for the health, safety and welfare of

decedent Lino, which violated his constitutional rights pursuant to the 4th; 8th and 14th Amendments of the United States Constitution.

18. Defendant FCIT started experiencing Covid-19 infections and deaths within its walls in April, 2020. Despite the rapid spread of Covid-19 within FCIT, they failed to act to safeguard staff and inmates in a reasonable and/or timely manner. According to a Department of Justice internal investigation, nearly ½ the inmate population was infected in April 2020, yet FCIT and its parent entities failed to act in a way to safeguard the population or the staff, including Mr. Lino.

19. On April 09, 2020, decedent submitted a formal medical request stating he was having breathing trouble, and seeking breathing treatments to help him. Despite this, the Defendants did not take action to protect or safeguard the decedent, then or later, allowing his illness to get much worse.

20. The Defendants were supposed to move Covid negative and Covid positive inmates into separate and distinct housing units to protect them from Covid-19, however a Department of Justice study showed that negative and positive inmates, including the decedent, remained housed together for several days, even after receiving the positive test results.

21. The Defendants were supposed to rapidly test inmates for Covid-19, yet they failed to timely do that in many instances, including for the decedent, and in fact

several inmates did not even get their initial Covid-19 test until after they were hospitalized.

22. The Defendants also negligently failed to follow FBP policies and guidelines in failing to notify families of inmates with serious illness.

23. The defendants also failed to abide by quarantine policies and guidelines, and in fact forced the decedent to work in the open kitchen, despite his pre-existing medical problems, and in close proximity to other inmates, despite the rapid outbreak and spread of Covid-19.

24. The Defendants also failed to provide appropriate Personal Protective Equipment (PPE) to inmates and staff, and left those inmates in their custody to their own means to provide for their safety, despite being in their custody.

25. The Defendants negligently failed to use the reasonable standard of care, by failing to protect, safeguard, test, diagnose, and/or treat Mr Lino's condition, all of which lead to and were a direct and proximate result of his death. Mr. Lino's death was avoidable had appropriate precautions and care been used.

**FIRST CAUSE OF ACTION**
(Negligence – Medical Malpractice)

26. The Defendants, and each of them, are now, and at all times herein mentioned were, providing inmate housing, inmate control and supervision, inmate

medical care and treatment and/or otherwise providing for inmate safety including decedent, in the County of Los Angeles, State of California.

27. Defendants FCIT, FBP, USA, and DOES 1 through 100, inclusive, are now, and at all times herein mentioned were, Federal Government entities/entities of the United States of America, or other types of business entitities, operating as a prison, hospital and/or medical clinic, employing physicians, surgeons, staff, nurses and other medical personnel who provided care and treatment to decedent at the times at issue herein.

28. Defendant DOES 1 through 100, are now, and at all times herein mentioned were, physicians, surgeons, staff, nurses and other medical personnel duly licensed to practice medicine and practicing in the State of California and employed by, agents of or have privileges at defendant FCIT, FBP, USA, and DOES 1 through 100, inclusive, and each of them.

29. In April 2020, and up to his death on May 13, 2020, Plaintiffs' decedent was treated by the doctors, nurses, healthcare providers, and staff of the Defendants. Said doctors, nurses, and healthcare providers owed Plaintiffs' decedent a duty of care to provide proper non-negligent medical care and treatment that met the standard of care.

30. During the times herein mentioned, the Defendants, and each of them, negligently cared for, diagnosed, and treated Plaintiffs' decedent and failed to exercise the necessary skill or training and failed to meet the standard of care, ordinarily and reasonably required of physicians, surgeons, nurses, hospital staff, and other health care providers, all of which resulted in the death of James Lino on May 13, 2020, all of which proximately caused the hereinafter described injuries and damages to Plaintiffs.

31. Mr. Lino's death was the result of the Defendants, and each of their negligence, negligent violations of the standard of care, malpractice, and wrongful misconduct, with regard to the health and well-being of decedent, as stated below.

32. As a proximate result of the said negligence and carelessness of the Defendants, and each of them, Plaintiffs have been deprived of the services, comfort, protection, love and society of their father, all to their general damages in a sum in excess of the jurisdictional minimum of this Court.

33. As a further proximate result of the negligence of Defendants, and each of them, Plaintiffs were required to and did incur funeral and burial expenses and medical bills in an amount unknown to them at this time, but they shall seek leave to amend this pleading when the same has been ascertained, together with prejudgment interest thereon from the date of the incident herein.

34. As a further proximate result of the negligence of Defendants, and each of them, Plaintiffs lost future financial support from their father in an amount unknown to them at this time, but they shall seek leave to amend this pleading when the same has been ascertained, together with prejudgment interest thereon from the date of the incident herein.

## SECOND CAUSE OF ACTION
(General Negligence)

35. The Plaintiffs incorporate by reference all of the above allegations as if they are set forth herein below.

36. The Defendants, and each of them, owed a duty of care to the decedent as their inmate in their custody, and under their supervision, to safeguard and protect the decedent to the fullest extent possible.

37. The Defendants, and each of them, violated that duty and acted in a negligent, careless and/or reckless manner towards the decedent's health and welfare by failing to timely test him for Covid-19; failing to isolate, release or protect him, particularly given his pre-existing problems; failing to house him in a safe location; failing to provide him PPE; failing to take his medical complaints seriously, forced him to work in general population, exposed to others, despite the known risks; and by failing to report his medical condition to his heirs in a timely manner.

38. All of the above misconduct was negligent, reckless, and unsafe, and was a breach of the Defendants' duty to safeguard the decedent. All of the above was also a violation of the Defendants own policies and guidelines.

39. As a result of the above misconduct, the decedent was caused to acquire Covid-19, become hospitalized and ventilation dependent, and ultimately caused his death, all of which was avoidable but for the Defendants' negligent misconduct.

40. The Plaintiffs were harmed and damaged as alleged herein above the First Cause of Action, which is incorporated by reference, as if set forth in full, below.

### THIRD CAUSE OF ACTION
(Violation of 4th, 8th, 14th Amendment and violation of 42 USC § 1983 and 28 USC § 1343)

41. The Plaintiffs incorporate by reference all of the above allegations as if they are set forth herein below.

42. The conduct by Defendants herein were negligent and reckless as to James Lino's rights, and demonstrate the Defendants acted in a way to deprive Mr. Lino of his 4th, 8th, and 14th Amendment Rights enumerated by the Constitution of the United States, including the right to medical care and to be safe of diseases while in the custody of and under the supervision of the Defendants.

43. The Plaintiffs herein suffered injuries and damages due to the Defendants' misconduct as set forth in the First Cause of Action, which is incorporated by reference, as if set forth in full.

WHEREFORE, Plaintiffs LINDY SHINOTSUKA and JAHRIN WIGGLESWORTH-LINO pray for judgment against the Defendants, and DOES 1 through 100, and each of them, as follows:

1. For general damages in a sum in excess of the minimum jurisdictional limits of this Court;

2. For funeral and burial expenses according to proof;

3. For medical expenses incurred from illness to death according to proof;

4. For incidental and consequential damages according to proof;

5. For costs of suit named herein; and;

6. For such other and further relief as this Court deem just and proper.

Dated: May 13, 2022                    SCHULTZ LAW GROUP, PC

                                       By:   Steven H. Schultz
                                             Attorney for Plaintiffs